

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Harry Boyd
County Attorney
Henderson County
Athens, Texas

Dear Sir:

Opinion No. C-4797
Re: County executive committee has
authority to name nominee for
office of tax assessor-collector
where nominee at primary elec-
tion died after said election
and before the results were can-
vassed.

　　　　Your request for opinion upon the following stated
question:

　　　　"Does the County Executive Committee have
the power to name a nominee for the office of
Tax Collector-Assessor, where the candidate who
received a majority vote, for that office at the
general primary election, died after said elec-
tion and before the results were canvassed."

has been received and carefully considered by this department.

　　　　Article 3165, Vernon's Annotated Texas Civil Stat-
utes, reads as follows:

　　　　"Art. 3165.　Nomination declined

　　　　"A nominee may decline and annul his nom-
ination by delivering to the officer with whom
the certificate of his nomination is filed, ten
days before the election, if it be for a city
office, and twenty days in other cases, a decla-
ration in writing, signed by him before some
officer authorized to take acknowledgments.　Upon
such declination (or in case of death of a
nominee), the executive committee of a party

Honorable Harry Boyd, Page 2

or a majority of them for the State, dis-
trict or county, as the office to be nom-
inated may require, may nominate a candi-
date to supply the vacancy by filing with
the Secretary of State in the case of State
or district officers, or with the county
judge in the case of county or precinct offi-
cers, a certificate duly signed and acknowl-
edged by them, setting forth the cause of
the vacancy, the name of the new nominee,
the office for which he was nominated and
when and how he was nominated. No execu-
tive committee shall ever have power of nom-
ination, except where a nominee has died or
declined the nomination as provided in this
article."

Articles 3172 and 3173 of the Revised Civil Stat-
utes of 1911, which are now codified by Vernon as Article
3165, V. A. C. S., supra, were construed by the Supreme Court
of Texas in the case of Gilmore v. Waples, et al, 188 S. W.
1037. We quote from the court's opinion as follows:

". . . The powers of a State executive
committee in respect to making nominations
for its party are dealt with in Articles 3172
and 3173 of the Revised Statutes. It is pro-
vided in Article 3172 that in case of the
death of a nominee for a State office, or the
declination of such a nomination by a nominee,
the State Executive Committee of the party
may nominate a candidate to supply the vacancy.
The succeeding article, Article 3173, declares:

"'No executive committee shall ever have
any power of nomination, except where a nom-
inee has died or declined the nomination as
provided in Article 3172.'

"There is nothing ambiguous about these
two articles. Nor is their intention in any
wise obscure. They very plainly confer upon
a State committee the power of nominating a
candidate for a State office in instances
where there has been a previous nomination
and the nominee has either declined the nom-
ination or has died. Just as unequivocally

Honorable Harry Boyd, Page 3

   they deny such power to the committee in
all other instances. The language of Arti-
cle 3173 is pointed, clear and certain, and
there is nothing about it or its context that
would warrant a court in setting it aside.
A statute so plain and unmistakable leaves
nothing for interpretation or construction.
All that courts may do with such a statute
is to observe it and enforce it. . . ."

   Articles 3124 and 3125, Vernon's Annotated Texas
Civil Statutes, provide for the county executive committee
to canvass the returns of the election and declare the re-
sult. Article 3125 also requires the chairman of the county
executive committee to certify as nominee the candidate who
received the necessary vote to nominate. Of course, the
nominee cannot be officially and legally known until the
returns have been canvassed and the results declared in ac-
cordance with law.

   It is our opinion that your question should be
answered in the affirmative, and it is so answered.

         Very truly yours

        ATTORNEY GENERAL OF TEXAS

By              Wm. J. Fanning
              Assistant

WJF:GO

APPROVED AUG 29, 1942

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN